***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for minor modifications; therefore, the Full Commission MODIFIES and AFFIRMS the Opinion and Award of Deputy Commissioner Glenn.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pretrial agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the defendant-employer and the plaintiff at all relevant times.
3. Defendant-employer was an approved self-insured with Gates McDonald acting as its third party administrator for workers' compensation purposes at all relevant times herein.
4. Plaintiff's average weekly wage was $660.80 per week, yielding a compensation rate of $440.75 per week at all relevant times herein.
5. The issues to be determined by the Commission are as follows:
 a) Whether plaintiff sustained an injury by accident or developed an occupational disease while in the course and scope of employment with defendant-employer?
 b) If so, what, if any, benefits is plaintiff entitled to receive under the North Carolina Workers Compensation Act?
 c) Whether defendants are entitled to a credit of any benefits paid to plaintiff under disability policies funded by defendant-employer if plaintiff's claim is found to be compensable?
6. The deposition of Dr. Brian A. Farah is a part of the evidentiary record in this case.
 ***********
Based on the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACTS
1. At the time of the deputy commissioner hearing in this matter plaintiff was fifty-one (51) years old. Plaintiff is a high school graduate and completed Bennett College. Plaintiff began working for defendant-employer on or about May 4, 1971 as a technical clerk.
2. At the time of the incident in question, plaintiff worked for defendant-employer as a secretary. Plaintiff's duties included making phone calls, typing, faxing, repairing the fax machine, all mail duties, badge station, reproduction of documents, conference calls, airline reservations, running errands, supervision of lower level secretarial and clerical employees, ordering office supplies, and making sure the supply cabinets were stocked. These duties required plaintiff to be away from her desk especially when working with the mail.
3. Rebecca Harrison, a friend of plaintiff, also worked for defendant-employer but in a different area and for a different supervisor. Ms. Harrison sustained an injury and given the restrictions placed upon her, it was difficult for Ms. Harrison to perform her job. Plaintiff gave a lot of assistance and support to Ms. Harrison causing her to be away from her duty station even more.
4. In late July or early August 1999, plaintiff and Ms. Harrison were told that any supply orders they made would have to be approved by Ms. Harrison's supervisor. This was not the procedure prior to then, nor were any other employees told to do the same. Also, plaintiff was told that if she would be away from her desk/workstation for more than fifteen minutes that she was to advise her supervisor of her location. Plaintiff and Ms. Harrison were also told that they should be at their respective desks except for specified times. Plaintiff was asked to be at her desk by her supervisor because of a noted change in production by plaintiff in performing her duties and after plaintiff had ordered some non-authorized items.
5. On September 9, 1999, plaintiff suffered a fainting spell. Plaintiff indicated in her incident report that "In disciplinary meeting on 9-3-99, felt stressed and harassed to the point of blood pressure rising; then harassment continued through week and while meeting with union representative felt light headed, and fainted and head hit desk." Plaintiff was seen by Dr. Hopper at LeBauer Healthcare following this incident. Dr. Hopper indicated in his records that plaintiff had suffered a similar episode in 1987 and also noted an increase in work stress and placed plaintiff on medication.
6. Plaintiff was thereafter referred for treatment to Dr. Brian A. Farah who initially saw her on December 10, 1999. Dr. Farah diagnosed plaintiff's condition as major depression with recent suicidal thoughts and placed her on medication to treat her condition. Dr. Farah's opinion that stress due to harassment at her job with defendant-employer was a significant contributing factor in plaintiff's condition and that plaintiff had been placed at an increased risk of developing her condition due to the stress of her job as compared to the general population is not persuasive. Dr. Farah formulated his opinion without any reference to plaintiff's medical or employment history other than what plaintiff herself provided on her initial visit. Dr. Farah also admitted that the medical records in this case were important and that his review of such records could change his opinion regarding plaintiff's diagnoses. Dr. Farah also stated that other concurrent stressors in plaintiff's life including her daughter's illness, her aunt's sickness and pending death, and her November 1999 mammogram could be stressful and that he had not previously considered these stressors in formulating his opinion regarding the cause of plaintiff's depression. As Dr. Farah's causation opinion is not based upon the totality of circumstances in plaintiff's case, his opinion should be given no weight.
7. The overwhelming medical evidence in the record supports that plaintiff has experienced high blood pressure and fainting/black-out/dizzy spells since the late 1970's. There is also no instance in the medical records, including those from her primary care physician, Dr. Hopper, and psychiatrist, Dr. Farah, which suggests that her employment caused her to contract high blood pressure or fainting spells or caused her any head/neck injury. Plaintiff has not advanced any argument that the complaints listed on her Form 33, Request That Claim Be Assigned for Hearing of "high blood pressure," "fainting" and "hit head on desk" are compensable. Plaintiff's depression did not occur as a result of an accident; there are no good grounds to suggest that plaintiff suffered or suffers any physical injury as a result of her employment.
8. Plaintiff has failed to show that the duties of her job caused her workplace stress and, ultimately, her alleged depression. Plaintiff did not identify any aspect of her job, as assigned by her employer, which was stressful or caused her problems. Instead, plaintiff testified to the stress she felt taking care of Ms. Harrison at work and to the stress that Ms. Harrison's strained relationship with defendant was causing her. Plaintiff has failed to show that the stress, which allegedly caused her depression, was the result of her assigned job duties with defendant-employer as a secretary. Plaintiff offered no evidence explaining how her job was any more difficult or exposed her to an increased risk of contracting depression than any other job worked by the general public.
9. Although plaintiff developed depression, it was not the result of anything caused by her employer or her employer asking her to do anything unusual. Plaintiff was not placed in an unusually stressful situation. Considering all the evidence offered there was nothing unusual about plaintiff's job with defendant-employer or what had been asked of her as compared to any person similarly situated. The work plaintiff was asked to do by defendant-employer was the same kind of work most secretaries are asked to do whether they work for this employer or any other employer in the area. Plaintiff was merely asked to perform her job in the manner it should have been performed. It does not cause any unusual stress to be asked to perform one's job as it should be done which includes being asked to stay at one's workstation so one can perform their assigned tasks.
10. Plaintiff was not placed at an increased risk of developing depression as a result of her employment with defendant as compared to the general public not so employed. The actual stress imposed by plaintiff's position as a secretary was not shown to have been out of the ordinary and depression was not shown to be characteristic of the employment involved. Rather, it was plaintiff's peculiar reaction to circumstances within her employment which contributed to her subsequent psychological condition. Therefore, plaintiff has not proven that her depression is a compensable occupational disease under the provisions of the Workers Compensation Act.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
1. Plaintiff has failed to prove that her job with defendant-employer was a significant contributing factor in the development of her depression or that she was placed at an increased risk as compared to the general public of contracting depression due to job-related stress.Woody v. Thomasville Upholstery Inc., 355 N.C. 483, 562 S.E.2d 422, andSabrina Pitillo v. N.C. Dept. of Environmental Health and NaturalResources, ____ N.C. App. ___, 566 S.E.2d 807.
2. Plaintiff has failed to prove by the greater weight of the evidence that she sustained an injury by accident or developed an occupational disease while in the course and scope of her employment with defendant-employer; therefore, she is not entitled to recover any workers' compensation benefits in this matter. N.C.G.S. §§ 97-2(5) and97-53(13).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim for workers' compensation benefits under the law must be and is hereby DENIED.
2. Each side shall bear its own costs.
This the ___ day of August 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER